UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALKME LTD., AN ISRAELI COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WHATFIX, INC., A DELAWARE CORPORATION,<br><br>Defendant. | Case No. 23-cv-03991-JSW<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 39 |

This matter comes before the Court upon consideration of the application for a temporary restraining order ("TRO") filed by Plaintiffs WalkMe Ltd. and WalkMe, Inc. (collectively "WalkMe"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES WalkMe's motion.

## BACKGROUND

WalkMe was founded in 2011. (Compl. ¶ 11.) In 2012, it launched an "industry-leading Digital Adoption Platform ("DAP")" and "actively takes steps to protect its proprietary DAP software." (Declaration of Paul Senatori ("Senatori Decl."), ¶¶ 3, 5.) For example, WalkMe's contracts with customers include confidentiality and restricted use provisions. (*Id.*, ¶¶ 5, 7, Ex. A (Software as a Service Agreement § 6.1), Ex. B (WalkMe Master Subscription Agreement §§ 5.3, 7.1), Ex. C (WalkMe Master License and Services Agreement, §§ 2.3, 13.1, 13.2); *see also id.* ¶ 8, Ex. D (Terms of Service § 6).) WalkMe's customers "may have one or more employees with administrative rights to [WalkMe's] DAP software, which include the ability to create additional account users subject to the restrictions of their governing subscription agreements and order forms with WalkMe." (*Id.*, ¶ 5.) These accounts are password protected, and a user is given "unique log-in credentials" to access a customer's implementation of WalkMe's DAP software.

(*Id.*)

Defendant Whatfix, Inc. ("Whatfix") is a wholly owned United States' subsidiary of Whatfix Private Limited ("Whatfix PL"), a corporation founded in India in 2010. (Declaration of Amit Sharma ("A. Sharma Decl.") ¶ 4, Ex. A.) Whatfix launched a DAP product in 2014. (*Id.*, ¶¶ 4, 6.) It is undisputed that Whatfix competes with WalkMe in the DAP software market.

In April 2023, WalkMe detected "suspicious user activity" that originated from two accounts of its existing or former customers.[1] (Senatori Decl. ¶ 9.) That investigation revealed that these customers created user accounts for Whatfix PL employees. In June 2023, WalkMe sent Whatfix a cease and desist letter regarding the access to its customer accounts. (Declaration of Matthew Ganas ("Ganas Decl."), ¶ 3, Ex. F.) Whatfix responded by advising WalkMe that the employees "accessed customer-facing, customer-accessible functionality … solely to facilitate the migration of the content for these customers to the Whatfix platform." (Ganas Decl., ¶ 4, Ex. G; *see also* A. Sharma Decl., ¶¶ 10-12; Declaration of Dipit Sharma ("D. Sharma Decl."), ¶ 4; Declaration of Apoorva Mittal ("Mittal Decl."), ¶¶ 3-8.) However, Dipit Sharma admits that in July 2023, he used credentials provided by a former WalkMe customer to "access the WalkMe product to see how a customer would use a 'logic rules' feature in WalkMe's product," to perform "competitive analysis," (D. Sharma Decl., ¶ 4.) At that time, Whatfix's work for that customer also had ended.

On August 8, 2023, WalkMe filed the Complaint in this case asserting, *inter alia*, claims for inducing breach of contract (the "Inducement claim") and for violations of California's Unfair Competition law (the "UCL claim").[2] (Compl. ¶¶ 97-109.) WalkMe quoted relevant provisions of the customer contracts at issue in the Complaint. (*Id.* ¶¶ 21, 27-29

---

[1] The Court has granted WalkMe's motion to seal the names of these customers and will not refer to them by name in this Order. The Court will address pending motions to seal in a separate Order.

[2] WalkMe also asserts: (1) claims under the Lanham Act for false advertising, trademark infringement, false designation of origin, and unfair competition; (2) common law claims for trademark infringement, unfair competition, and misappropriation; (3) violations of California's False Advertising Law; and (4) breach of contract. It does not rely on those claims to support its request for a TRO.

Dipit Sharma also admits that he attempted to access the WalkMe platform on August 24, 2023 for "further competitive analysis" but was unable to do so.  That is because WalkMe discovered that he had accessed the platform and suspended his credentials.  (Senatori Decl., ¶ 21, Ex. E.)  According to Dipit Sharma, when he did access the WalkMe platform, he "made no attempt to access internal WalkMe systems or information [and] used the product in the same way any WalkMe customer would to observe its user interface."  (*Id.*, ¶ 5.)

According to WalkMe, it has a data migration tool that would make it unnecessary for the Whatfix PL employees to gain access to the WalkMe platform to migrate data.  (Senatori Decl., ¶ 16.)  WalkMe also asserts that session logs of the customer accounts show that Whatfix PL employees accessed and explored areas of the WalkMe platform that "did not contain any actual data that could be migrated."  (*Id.*, ¶ 17; *see also id.* ¶¶ 18-19.)  For example, Mr. Senatori attests that Apoorva Mittal used her credentials to "access and explore the following WalkMe services: WalkMe Menu Organizer, WalkMe ActionBot, WalkMe Users, WalkMe Workstation, WalkMe UI Intelligence, WalkMe Discovery, [and] WalkMe Organization."  WalkMe asserts that the Whatfix PL employees used their access to gain "unauthorized insight into and copy[] WalkMe's system features, functionality, and data."  (*Id.* ¶¶ 9-14.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.   Applicable Legal Standard.**

Preliminary injunctive relief, whether in the form of a TRO or a preliminary injunction, is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.")  In order to obtain a TRO, a plaintiff must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  *Winter*, 555 U.S. at 20.

In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious

questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, a court may grant a TRO if a plaintiff demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply in its favor, if the other two elements of the *Winter* test are also met. *Id.* at 1132. This allows a court "to preserve the status quo where difficult legal questions require more deliberate investigation." *Sencion v. Saxon Mortg. Servs., LLC*, No. 10-cv-3108 JF, 2011 WL 1364007, *2 (N.D. Cal. April 11, 2011).

B.     **The Court Denies WalkMe's Application.**

WalkMe seeks a TRO based on the Inducement claim.[3] In order to prevail, WalkMe will be required to prove it "(1) had a valid and existing contract with a third party; (2) [Whatfix] had knowledge of the contract and intended to induce its breach; (3) the contract was in fact breached …; (4) the breach was caused by ... [Whatfix's] unjustified or wrongful conduct; and (5) ... damages were suffered as a result." *Little v. Amber Hotel Co.*, 202 Cal. App. 4th 280, 291 (2011) (cleaned up).

Whatfix argues this claim is superseded by California's Uniform Trade Act ("CUTSA"), which supersedes "common law claims that are based on the same nucleus of facts" as trade secret misappropriation and, "[a]t least as to common law trade secret misappropriation claims, … occupies the field in California."[4] *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 954, 958 (2009) (cleaned up). CUTSA does not supersede claims based on

---

[3] WalkMe also relies on its UCL claim. That claim does not explicitly reference the conduct supporting the Inducement claim as a basis for liability. (Compl. ¶¶ 99-103.) To the extent the UCL claim could be construed as encompassing this conduct, its viability rises and falls with the Inducement claim. Therefore, the Court's ruling on the Inducement claim applies to the UCL claim.

WalkMe has not moved for a TRO based on its other claims. Therefore, to the extent the UCL claim encompasses other conduct, the Court expresses no opinion on whether WalkMe would be able to show a likelihood of success on those aspects of the UCL claim.

[4] In *Silvaco Data Systems v. Intel Corporation*, the Court of Appeal noted the California Supreme Court's criticism of "the use of 'preempt' to describe the suppression of one state law by another'" and, therefore, utilized the term supersede. 184 Cal. App. 4th 210, 232 n. 14 (2010) (quoting *Zengen, Inc. v. Comerica Bank*, 41 Cal. 4th 239, 247 n. 5 (2007)), *disapproved on other grounds by Kwikset v. Super. Ct.*, 51 Cal. 4th 310 (2011). The Court uses the terminology set forth in *Silvaco*. *See, e.g., Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 953-54 (N.D. Cal. 2019) (following *Silvaco's* use of supersede).

"contractual remedies" or civil remedies "that are not based on misappropriation of a trade secret." *Silvaco*, 184 Cal. App. 4th at 233; Cal. Civ. Code § 3246.7(b); *see also Waymo LLC v. Uber Tech., Inc.*, 256 F. Supp. 3d 1059, 1063 (N.D. Cal. 2017) (stating CUTSA will not supersede claims that "allege wrongdoing materially distinct from the wrongdoing alleged in a CUTSA claim").[5]

WalkMe argues that the Inducement claim is contractual and is not superseded by CUTSA. Applying "the nucleus of facts test, numerous courts have held that CUTSA supersedes other state-law claims where the wrongdoing alleged is the misappropriation of trade secret information." *Zomm,* 391 F. Supp. 3d at 954 (citing cases). Because WalkMe has not asserted a claim for misappropriation of trade secrets, the Court cannot directly compare two claims. Therefore, it has examined the Inducement claim to see if WalkMe has "genuinely allege[d] alternative legal theories" or whether the claim is "a transparent attempt to evade the strictures of CUTSA by restating a trade secret claim as something else." *Id.*

WalkMe alleges that when Customer X and Customer Y gave Whatfix access to the WalkMe DPA platform, Whatfix caused its customers to breach the confidentiality provisions of their agreements. (*See* Compl. ¶¶ 20-21, 27-28, 107; *see also* Senatori Decl. ¶¶ 9-19.) WalkMe alleges that by doing so, Whatfix was able to gain unlawful access to" and use to its benefit "a host of confidential, commercially sensitive, and proprietary information" within the agreements' definitions of "Confidential Information." (Compl. ¶¶ 20, 24-25, 27, 33; Senatori Decl., ¶¶ 9-19.) WalkMe also alleges that it has been, and will continue to be damaged, in part, "due to the loss of confidential and proprietary data and business information." (*Id.* ¶ 109.)

The term "misappropriation" includes "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means[.]" Cal. Civ. Code § 3426.1(b)(1). The term "improper means" is defined, in part, as "breach or

---

[5] Common law claims premised on the wrongful taking of information that does not qualify as a trade secret also are superseded. *Silvaco*, 184 Cal. App. 4th at 236-240; *see also Zomm*, 391 F. Supp. 3d at 954 (noting that "majority of district courts that have considered *Silvaco* have held that CUTSA supersedes claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA") (quoting *SunPower Corp. v. SolarCity Corp.*, No. 12-cv-00694-LHK, 2012 WL 6160472, at *6 (N.D. Cal. Dec. 11, 2012)).

inducement of a breach of a duty to maintain secrecy[.]" *Id.* § 3426.1(a). Therefore, the gravamen of the harm WalkMe claims to have suffered is based on conduct that would be superseded by CUTSA, at least in part. *See, e.g., Albert's Organics, Inc. v. Holzman,* 445 F. Supp. 3d 463, 475, 478 (N.D. Cal. 2020) (finding inducement claim superseded in part, where plaintiffs alleged misappropriation of trade secrets and "breach of contractual obligations other than misappropriation" as wrongful acts supporting inducement claim); *see also Emergy, Inc. v. The Better Meat Co.*, No. 21-cv-2417-KJM-CKD, 2022 WL 7101973, at 10 (E.D. Cal. Oct. 12, 2022) (finding inducement claim superseded); *Business Sols., LLC v. Ganatra*, No. SA CV 18-1426-DOC (KESx), 2019 WL 926351, at *8 (C.D. Cal. Jan. 7, 2019) (finding inducement claim preempted).

However, WalkMe also alleges that Whatfix caused Customer Y to violate provisions of WalkMe's Master Subscription Agreement that do not necessarily give rise to a duty of secrecy or implicate use of WalkMe's confidential information. (*See, e.g.,* Compl. ¶ 29; Senatori Decl., Ex. B (Master Subscription Agreement §§ 1.10-1.13, 5.3).) Because it is not clear that this aspect of the Inducement claim hinges on misappropriation of trade secrets, the Court cannot say the claim would be superseded in its entirety. *See, e.g., Albert's*, 445 F. Supp. 3d at 478. Therefore, the Court turns to the second element of the Inducement claim.

Although WalkMe is not required to show Whatfix "had full knowledge of the contract's terms," it must show that Whatfix had knowledge "of the contract with which [it was] interfering and of the fact that [it was] interfering with the performance of the contract." *Little*, 202 Cal. App. 4th at 302 (cleaned up). WalkMe has submitted any evidence to support the inference that Whatfix would have been aware that it was interfering with the performance of the contracts in question by causing WalkMe's customers to violate the restricted use or confidentiality provisions before WalkMe sent the cease and desist letter in June 2023. Indeed, WalkMe insists that the provisions in question are confidential and has moved to file them under seal. Further, although WalkMe premises this claim on Dipit Sharma's access to the WalkMe platform in July 2023 and the attempted access in August 2023, WalkMe's relationship with the customer in question had ended, undermining any allegation that Whatfix intended to interfere with the performance of that

contract.

Accordingly, the Court concludes that WalkMe has not met its burden to show it is likely to succeed on the merits of its Inducement claim or that there are serious questions going to the merits of that claim. Therefore, the Court DENIES the application for a TRO and DENIES WalkMe's request for expedited discovery. This ruling is without prejudice to WalkMe moving for a preliminary injunction as the case progresses.

**IT IS SO ORDERED**.

Dated: September 20, 2023

_____
JEFFREY S. WHITE
United States District Judge