UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALKME LTD., AN ISRAELI COMPANY, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>WHATFIX, INC., A DELAWARE CORPORATION, et al.,<br><br>   Defendants. | Case No. 23-cv-03991-JSW<br><br>**ORDER ON MOTION TO SEAL SECOND AMENDED COMPLAINT AND ITS EXHIBITS**<br><br>Re: Dkt. No. 107 |

This matter comes before the Court upon consideration of Plaintiffs motion to seal portions of their Second Amended Complaint and its exhibits. Defendants opposed the motion, in part, and argued the attorney declaration submitted to support the motion was not sufficient to satisfy Plaintiffs' burden to show the documents were sealable. Because Defendants argued that some of the information Plaintiffs moved to seal had been disclosed publicly, the Court ordered Plaintiffs to file a reply. Plaintiffs filed their reply and withdrew some of their previous requests. Plaintiffs also submitted employee declarations to support their motion.

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point" of the Court's analysis on a motion to seal. *Kamakana v. City and Council of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). Under this Court's local rules, the request must be narrowly tailored to seek sealing only of "sealable material[.]" N.D. Civ. L.R. 79-5(b). Plaintiffs no longer move to seal Exhibits A and B in their entirely and only move to seal portions of the SAC. Although the Court does not grant Plaintiffs' motion in full, it does conclude the request is narrowly tailored.

In evaluating a motion to seal, two standards apply: "good cause" for non-dispositive motions; and "compelling reasons" for dispositive motions. *Kamakana*, 447 F.3d at 1180; *accord*

*Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1135, 1135 (9th Cir. 2003)). The Court applies the "compelling reasons" standard to the motion. *See, e.g., Pardi v. Tricida, Inc.*, No. 21-cv-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying compelling reasons to motion to seal portions of amended complaint and citing cases for same proposition).

Plaintiffs move to seal customer names that the Court previously determined can be sealed. Accordingly, the Court GRANTS the motion to seal those names, including information in SAC ¶ 80 through 84 and related references to that information in Exhibit B.

Plaintiffs also move to seal what they argue are descriptions of the trade secrets Defendants allegedly misappropriated and confidential non-public financial information. The release of trade secrets may qualify as a compelling reason to seal court records. *Kamakana*, 447 F.3d at 1179; *accord Apple v. Pystar, Inc.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("the publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Plaintiffs acknowledge that they have "disclosed publicly general information about the fact that its software has certain tools," but attest they have not publicly disclosed "the particular configurations" and other details that are the subject of the motion. (Declaration of Nir Nahum, ¶ 3; *see also* Declaration of Elizabeth Hoffman, ¶ 3.)

The Court makes no determination that the material Plaintiffs allege are trade secrets are, in fact, trade secrets. However, the Court concludes Plaintiffs have met their burden to show there are compelling reasons to seal the material identified in the table below.

| Paragraph or page and line | Ruling |
|---|---|
| SAC ¶ 57(a)(iv) | Granted |
| SAC ¶ 58 | Denied without prejudice. It is not clear to the Court that the information subject to motion references a "particular new customer use case for WalkMe's services." (Hoffman Decl. ¶ 3.) |
| SAC ¶ 68 and related redactions in Exhibit B as set forth in Hoffman Declaration. | Granted. |

| | |
|---|---|
| SAC ¶ 70 and related redactions in Exhibit B as set forth in Hoffman Declaration | Granted |
| SAC ¶ 73 and related redactions in Exhibit B | Granted in part. Denied without prejudice as to line 22 and the first word of line 23, which were not previously redacted. |
| SAC ¶ 74 and related redactions in Exhibit B as set forth in Hoffman Declaration. | Granted |
| SAC ¶ 83 and related redactions in Exhibit B as set forth in Hoffman Declaration. | Granted |

Where the Court has denied a request without prejudice, the material shall remain redacted pending a further declaration from Plaintiffs showing the material should be sealed or a notice from Plaintiff withdrawing the redactions. Plaintiffs shall file that declaration or notice by no later than May 10, 2024.

**IT IS SO ORDERED**.

Dated: May 3, 2024

_____
JEFFREY S. WHITE
United States District Judge