UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALKME LTD., AN ISRAELI COMPANY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WHATFIX, INC., A DELAWARE CORPORATION, et al.,<br><br>  Defendants. | Case No. 23-cv-03991-JSW<br><br>**ORDER GRANTING IN PART MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 116 |

Now before the Court for consideration is the motion to stay discovery filed by Defendants, which is scheduled for a hearing on June 7, 2024. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. The Court VACATES the hearing and GRANTS the motion, in part.

On April 12, 2024, Plaintiffs filed their Second Amended Complaint. Defendants moved to dismiss Plaintiffs' claims for misappropriation of trade secrets under federal and state law, violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. section 1030(a)(2), and violations of the California Computer Data Access and Fraud Act, California Penal Code section 502 (the "Section 502 claim").

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, inter alia, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of motions to dismiss. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to

stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

In determining whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending dispositive motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If the two above questions are answered affirmatively, the court may issue a protective order. *Pac. Lumber Co.*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.* There is no dispute that the motion to dismiss can be resolved without further discovery. Therefore, Defendants satisfy the second prong of the *Pacific Lumber* test.

Turning to the first prong, Plaintiffs do not oppose staying discovery on the trade secret claims. Accordingly, the Court GRANTS the motion to stay discovery on those claims. Defendants also acknowledge that Plaintiffs' claim for false advertising will proceed, and the Court DENIES the motion to stay discovery on that claim and on the unfair competition claim but only to the extent it is derivative of the false advertising claim.

The Court has taken a preliminary look at the arguments raised in Defendants' latest motion to dismiss the CFAA and Section 502 claims. Notwithstanding the Court's prior order, it concludes Defendants have shown that a ruling on the motion would be dispositive of the issues at which discovery would be directed, and it finds good cause to stay discovery on those claims pending a ruling on the motion to dismiss. Accordingly, the Court GRANTS the motion to stay

1  discovery on those two claims.

2  **IT IS SO ORDERED**.

3  Dated: May 29, 2024

```
                          _____
                          JEFFREY S. WHITE
                          United States District Judge
```