Michael Ng (Cal. State Bar No. 237915)
Michael.Ng@kobrekim.com
Daniel Zaheer (Cal. State Bar No. 237118)
Daniel.Zaheer@kobrekim.com
Kim Kennedy (Cal. State Bar No. 305499)
Kim.Kennedy@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: (415) 582 4800
Fax: (415) 582 4811

James Pooley (Cal. State Bar No. 58041)
James@Pooley.com
**JAMES POOLEY, PLC**
325 Sharon Park Dr., #208
Menlo Park, CA 94025
Telephone: (650) 285 8520

George Stamatopoulos
(Admitted *Pro Hac Vice*)
George.Stamatopoulos@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue
NY, New York 10022
Telephone: (212) 488 1200
Fax: (212) 488 1220

Shangxing (Simon) Lu
(Admitted *Pro Hac Vice*)
Simon.Lu@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: (202) 664 1900
Fax: (202) 664 1920

*Attorneys for Plaintiffs*
WALKME LTD. and WALKME INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WALKME LTD., an Israeli company, and WALKME INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WHATFIX, INC., a Delaware corporation, and WHATFIX PL, an Indian company,<br><br>Defendants. | CASE NO. 4:23-cv-03991-JSW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO RETAIN CONFIDENTIALITY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hearing Date: July 19, 2024<br>Time: 9:00 AM<br>Courtroom: 5 – 2nd Floor<br>Judge: Jeffrey S. White |

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................................... 1

      A. Procedural History............................................................................................................ 1

      B. The Protective Order ........................................................................................................ 3

III.  LEGAL STANDARD .......................................................................................................... 4

IV.  ARGUMENT ....................................................................................................................... 5

      A. Good Cause Exists to Maintain Confidentiality ............................................................... 5

      B. Whatfix's Alleged Prejudice Does Not Outweigh the Risk of Disclosure ....................... 9

      C. WalkMe Has Not Waived its Confidentiality Designations........................................... 10

V.   CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Brown Bag Software v. Symantec Corp.*,
  960 F.2d 1465 (9th Cir.1992) ................................................................................................. 5, 7

*Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*,
  No. 17CV04732PJHEDL, 2018 WL 10582121 (N.D. Cal. May 7, 2018) ............................... 10

*Contratto v. Ethicon, Inc.*,
  227 F.R.D. 304 (N.D. Cal. 2005) ........................................................................................ 4, 6, 7

*In re Deutsche Bank Trust Co. Americas*,
  605 F.3d 1373 (Fed. Cir. 2010) ............................................................................................... 4, 7

*In re Roman Catholic Archbishop of Portland Oregon*,
  661 F.3d 417 (9th Cir. 2011) ....................................................................................................... 4

*Intel Corp. v. VIA Techs., Inc.*,
  198 F.R.D. 525 (N.D. Cal. 2000) ............................................................................................... 10

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ..................................................................................................... 4

*RSI Corp. v. Intl. Bus. Machines Corp.*,
  No. 5:08-CV-3414 RMW, 2012 WL 3095439 (N.D. Cal. July 30, 2012) .................................. 6

*Stanislaus Food Products Co. v. USS-POSCO Industries*,
  No. 1:09-CV-00560-LJO, 2012 WL 6160468 (E.D. Cal. Dec. 11, 2012) ................................ 10

*Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*,
  No. C09-05897 RS HRL, 2010 WL 3629830 (N.D. Cal. Sept. 14, 2010) .............................. 7, 8

*Wisk Aero LLC v. Archer Aviation Inc.*,
  No. 21-2450, 2022 WL 3754521 (N.D. Cal. Aug. 30, 2022), *objections overruled*, No. 3:21-
  CV-02450-WHO, 2022 WL 6251010 (N.D. Cal. Sept. 16, 2022) ......................................... 8, 10

**Statutes**

Cal. Civ. Code § 3426.5 .................................................................................................................. 1, 5

**Rules**

Federal Rule of Civil Procedure 26(c) ............................................................................................... 4

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND THE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 19, 2024 at 9:00 am, or as soon thereafter as this matter may be heard, in Courtroom 5 of the above-referenced court, Plaintiffs WalkMe Ltd. and WalkMe Inc. ("WalkMe") will, and hereby does, respectfully move this Court, pursuant to the Stipulated Protective Order entered in this case on May 6, 2024 (ECF No. 119), to retain the confidentiality designations of the redacted portions of WalkMe's Second Amended Complaint ("SAC") and the exhibits thereto, and to retain the confidentiality designations of the WalkMe videos produced with Bates Nos. KKWM00000001– KKWM00000060.

Dated: June 10, 2024

Respectfully submitted,

KOBRE & KIM LLP

*/s/ Daniel Zaheer*
Daniel Zaheer

*Attorney for Plaintiffs*
WALKME LTD., and WALKME INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Under Section 6.3 of the Stipulated Protective Order entered in this case on May 6, 2024 (ECF No. 119) (the "Protective Order"), Plaintiffs WalkMe Ltd. and WalkMe Inc. ("WalkMe") move to retain the "Highly Confidential – Attorneys Eyes Only" designation of the redacted portions of WalkMe's Second Amended Complaint ("SAC") against defendants Whatfix, Inc. and Whatfix Private Limited ("Whatfix") and the exhibits thereto, and the WalkMe videos referenced in Exhibit A to the SAC and produced with Bates Nos. KKWM00000001–KKWM00000060. WalkMe's confidentiality designations to these materials were properly applied pursuant to the Protective Order.  As this Court has already held when it ordered that these same materials should be sealed (ECF No. 113), there are "compelling reasons" to protect the designated information. The designated information is confidential, proprietary, and/or commercially sensitive to WalkMe and/or WalkMe's customers, and much of the information WalkMe seeks to protect comprises or discloses sensitive information about WalkMe's trade secrets.  Whatfix asks that an unlimited number of competitive decisionmakers within the company—exactly the individuals to whom protected information cannot and should not be disclosed—be given access to this material.  But disclosure of the information to those competitive decisionmakers would inevitably result in it being used to Whatfix's competitive advantage and WalkMe would suffer irreparable harm as a result.  Indeed, it would turn trade secrets law on its head (and violate Cal. Civ. Code § 3426.5) to require that in order for WalkMe to bring a suit to confront misappropriation of its trade secrets, WalkMe is required to turn over those trade secrets to the very competitor that brazenly broke through WalkMe's security protocols in order to steal them.  Accordingly, the Court should grant this motion, retain the "Highly Confidential – Attorneys' Eyes Only" designation, and foreclose Whatfix's competitive decisionmakers from accessing this information.

## II.  FACTUAL BACKGROUND

### A.  Procedural History

WalkMe filed its SAC on April 12, 2024.  WalkMe concurrently moved to file portions of the SAC, and the exhibits thereto, under seal.  ECF No. 107.  On April 16, 2024, Whatfix opposed

1

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO RETAIN
CONFIDENTIALITY / CASE NO. 4:23-CV-03991-JSW

WalkMe's motion to seal. ECF No. 109. On April 18, 2024, Whatfix informed WalkMe that Whatfix was challenging WalkMe's confidentiality designations under the interim protective order. Kennedy Decl. at Ex. A (4/18/24 email from Lanham to Kennedy). WalkMe responded in writing, stating that while the designations were proper: "we are open to discussing with you whether *particular information* in the complaint can be confidentially described to your client in a way that does not improperly divulge trade secrets but allows you to appropriately counsel your client. We would suggest a meet and confer call for us to talk through what *particular redacted material* you feel is necessary to share with your client, and whether we can come to an agreement on what information can and cannot be shared (under a Confidential designation)." *Id.* at Ex. B (4/23/24 email from Zaheer to Lanham) (emphasis added). Thereafter, the parties met and conferred. *Id*. ¶ 4. During that meet and confer, WalkMe reiterated its request that Whatfix specify which redactions it was challenging with specificity. *Id.* at ¶ 5. Whatfix identified several specific items it believed should not have been redacted on the call, while explaining that it was open to maintenance of redaction of some other information (the names of WalkMe customers). *Id*. At the conclusion of the discussion, WalkMe advised Whatfix that WalkMe would be filing revised redacted versions of the SAC and accompanying exhibits, and suggested that WalkMe's revisions to its redactions would likely address most, and potentially all, of Whatfix's concerns. *Id*. at ¶ 7. Whatfix agreed to conduct that review. *Id*. WalkMe filed its revised redacted versions of the SAC and exhibits thereto on April 29, 2024, concurrently with its Reply to Whatfix's Opposition to WalkMe's motion to seal. ECF No. 112. On May 3, 2024, the Court granted in part WalkMe's motion to seal the revised redacted portions of the SAC and exhibits thereto, holding that "the Court concludes Plaintiffs have met their burden to show there are compelling reasons to seal" the majority of the material at issue, including all of the sealed material in Exhibits A and B (the specific descriptions of hundreds of examples of WalkMe trade secrets). ECF No. 113; *further clarified by* ECF No. 123.

After receiving WalkMe's revised redacted documents, Whatfix did not inform WalkMe that Whatfix had any remaining challenges with respect to WalkMe's designations of its redactions to the SAC and exhibits thereto. Kennedy Decl. at ¶ 8. Nor did Whatfix request a further meet and

|  |  |
|---|---|
| 1 | confer. *Id.* Given the absence of any further comment from Whatfix, counsel for WalkMe |
| 2 | understood that WalkMe's revised redactions had resolved all of the concerns raised by Whatfix |
| 3 | and that the dispute over redaction and confidentiality designations in the SAC had been resolved. |
| 4 | *Id.* at ¶ 9. Indeed, Whatfix was entirely silent regarding WalkMe's designations for more than three |
| 5 | weeks after WalkMe filed its revised redacted SAC and exhibits. On May 22, 2024, counsel for |
| 6 | Whatfix wrote to WalkMe and alleged that the time had expired under the Protective Order for |
| 7 | WalkMe to defend its confidentiality designations to the SAC and exhibits, and that counsel for |
| 8 | Whatfix intended to disclose the redacted information to Whatfix. *Id.* at Ex. C (May 22 email from |
| 9 | Pohl to Zaheer). On May 28, 2024, Whatfix also raised an additional challenge to WalkMe's |
| 10 | designation of videos produced with Bates Nos. KKWM00000001– KKWM00000060 ("the |
| 11 | intrusion videos"), which capture the unauthorized intrusions by Whatfix employees detailed in |
| 12 | Exhibit A to the SAC. *Id.* at Ex. D (May 28 email from Pohl to Zaheer).[1] The parties met and |
| 13 | conferred on May 31, 2024. *Id.* at ¶ 12. During that meet and confer, the parties were unable to |
| 14 | reach an agreement, but counsel for Whatfix agreed to refrain from sharing the contested materials |
| 15 | with Whatfix provided that WalkMe files a motion to retain confidentiality by June 10, 2024. *Id*. |
| 16 | at Ex. E (May 31 email from Pohl to Zaheer). |

### B. The Protective Order

The Protective Order in this litigation is largely copied from the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.[2] ECF No. 119. Two levels of confidentiality are specified under the Protective Order: "Confidential" and "Highly Confidential – Attorneys' Eyes Only." *Id*. at ¶¶ 2.2, 2.8. "Confidential" materials are defined as "information . . . or tangible things that qualify for

---

[1] Whatfix also challenged the documents that correspond to Exhibit B of the SAC (Bates Nos. KKWM00000061 – KKWM00000398), but later stated that they were "suspend[ing] [their] challenge pending the Court's determination of whether the allegation about former WalkMe employees will move forward." Kennedy Decl. at Ex. E (May 31 email from Pohl to Zaheer).

[2] The parties meet and confer in late April and early May about the sealing and redaction of materials at issue took place under the Court's Interim Protective Order, ECF No. 106. The Court subsequently entered the final Protective Order (ECF No. 119) on May 6, 2024.

protection under Federal Rule of Civil Procedure 26(c)." *Id.* at ¶ 2.2. "Highly Confidential – Attorneys' Eyes Only" materials are defined as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* at ¶ 2.8. "Confidential" information can be disclosed by outside counsel to an unlimited number of its clients' officers, directors, employees, and independent contractors; "Highly Confidential – Attorneys' Eyes Only" information can only be disclosed to outside counsel. *Id.* at ¶¶ 7.2, 7.3. There is no requirement that Whatfix disclose which employees, independent contractors, officers, etc. review "Confidential" information, although such individuals would be required to sign the Acknowledgement attached as Exhibit A to the Order. *Id.* at ¶ 7.2. Where a party challenges a confidentiality designation, the Protective Order places the onus on the Designating Party to file a motion to retain confidentiality. *Id.* at ¶ 6.3. Here, the parties have met and conferred, but have been unable to resolve their dispute. Kennedy Decl. at ¶ 12. Accordingly, WalkMe is now forced to bring this motion to retain confidentiality.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides that the Court may for "good cause" enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Such good cause is deemed present when "specific prejudice or harm will result if no protective order is granted" with respect to the designated documents. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The court's analysis in deciding whether the designating party has shown good cause for a confidentiality designation begins with asking whether disclosure of the material will cause a "particularized harm." *In re Roman Catholic Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). This standard may be satisfied through "specific demonstrations of fact, supported where possible by affidavits and concrete examples," to "show that disclosure would cause significant harm to its competitive and financial position." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005).

Once good cause is shown, the burden shifts back to the challenging party to demonstrate

that non-disclosure would prejudice its ability to litigate the case, and that this prejudice outweighs the risk of disclosure to competitors. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992).

Separate from Rule 26, the California Uniform Trade Secrets Act (one of the statutes under which this case is brought), provides that "In an action under this title, a court *shall* preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." Cal. Civ. Code § 3426.5 (emphasis added).

## IV.  ARGUMENT

### A. Good Cause Exists to Maintain Confidentiality

Good cause exists to maintain WalkMe's confidentiality designations to the SAC and exhibits thereto, and to maintain its confidentiality designations to the intrusion videos. As described in WalkMe's briefing in support of its motion to seal the same information in the SAC and exhibits, the redacted information is confidential, proprietary, trade secret, and/or commercially sensitive to WalkMe and/or WalkMe's customers. Much of the information WalkMe seeks to protect comprises, or would disclose sensitive information about, the trade secrets alleged in WalkMe's SAC to have been misappropriated by Whatfix. Moreover, down-designation of WalkMe's confidential trade secret and commercially sensitive information would place it directly in the hands of Whatfix employees and independent contractors, who are precisely the competitive decisionmakers that the protective order is designed to prevent from accessing the information. Even if it is assumed that the Whatfix employees and independent contractors act in good faith, it would be impossible for them to erase from their memories the trade secret information they learn from review of the material in question. It would be inevitable that the information will be used by them to secure an improper competitive advantage for Whatfix, all to WalkMe's severe and irreparable prejudice. And, unfortunately, there is reason to believe that the employees may not act in good faith. Whatfix is the very company that has engaged in misappropriation of WalkMe's trade secrets, by circumventing WalkMe's security measures. Whatfix's own CEO has conceded

5

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY / CASE NO. 4:23-CV-03991-JSW

that what Whatfix's employees admittedly did here was improper, stating that "attempting to access non-public information from our competitors using customer accounts or any unauthorised means for competitive analysis or development purposes is not acceptable." SAC ¶ 44. *See also* SAC ¶ 39 (Whatfix employee admitting that the improper intrusion was for competitive analysis and development purposes—i.e., misappropriation). Accordingly, WalkMe respectfully submits that the confidentiality designations should be upheld.

WalkMe's redactions to the SAC and exhibits thereto comprise three categories of information: (1) nonpublic details about WalkMe's proprietary software; (2) information relating to WalkMe's pricing, operations, market strategy, sales strategy, and proprietary materials created by WalkMe for its customers and potential customers; and (3) the identity of specific WalkMe customers. *See* WalkMe's Reply to Defendants' Opposition to Plaintiffs' Administrative Motion to Seal (ECF No. 112). In its prior briefing, WalkMe submitted declarations from WalkMe's employees, explaining that the redacted information in categories (1) and (2) comprises WalkMe's trade secrets at issue, describes or relates closely to those trade secrets, or comprises confidential and commercially sensitive business information. Kennedy Decl. at Ex. F (Nahum Decl.); Kennedy Decl. at Ex. G (Hoffman Decl.). Further, WalkMe's employees stated that if this information were disclosed, third party competitors (like Whatfix) could exploit it to WalkMe's competitive detriment. *Id*. This is more than sufficient to demonstrate good cause to retain WalkMe's designations of this information, and preclude Whatfix from accessing it. *Contratto*, 227 F.R.D. at 307 (good cause may be shown by "specific demonstrations of fact, supported where possible by affidavits and concrete examples," to "show that disclosure would cause significant harm to [a party's] competitive and financial position."). With respect to category (3), the identity of specific WalkMe customers, courts recognize the risk of competitive harm posed by the disclosure of customer lists, and routinely prevent their disclosure to the employees of direct customers. *RSI Corp. v. Intl. Bus. Machines Corp.*, No. 5:08-CV-3414 RMW, 2012 WL 3095439, at *1 (N.D. Cal. July 30, 2012) ("Courts routinely prevent the disclosure of customer lists to the employees of direct competitors"). Thus, good cause exists to maintain WalkMe's confidentiality designations of this category of information as well.

1    Good cause also exists to maintain WalkMe's designations of the intrusion videos, which
2 capture the unauthorized intrusions by Whatfix employees detailed in Exhibit A to the SAC.
3 Exhibit A describes the trade secret information improperly accessed by Whatfix and cites to the
4 intrusion videos which captured that improper access. *See* SAC Exhibit A.  The intrusion videos
5 contain the same confidential trade secret and commercially sensitive information as Exhibit A,
6 and also show additional confidential details about Whatfix's platform not disclosed in Exhibit A.
7 WalkMe has demonstrated that if this information were disclosed, third party competitors (like
8 Whatfix) could exploit it to WalkMe's competitive detriment.  WalkMe's Reply to Defendants'
9 Opposition to Plaintiffs' Administrative Motion to Seal (ECF No. 112); Kennedy Decl. at Ex. F
10 (Nahum Decl. at ¶ 6); Kennedy Decl. at Ex. G (Hoffman Decl. at ¶ 8).  Thus, good cause exists to
11 maintain WalkMe's designations of the intrusion videos. *Contratto*, 227 F.R.D. 304 at 307.

12   The risk of harm here is especially severe because the Protective Order's "Confidential"
13 designation: (1) does not include any limitation on the number of employees and independent
14 contractors to whom the protected material can be disclosed; and (2) does not require that Whatfix
15 disclose the names of the individuals to whom the material is provided. *See* ECF No. 119 at ¶ 7.
16 That means that, if Whatfix gets its desired down designation of the material to "Confidential," it
17 will be able to disclose WalkMe's trade secrets to an unlimited number of undisclosed Whatfix
18 product developers, client acquisition employees, marketers, and pricing specialists—and to an
19 unlimited number of independent contractors in those and other roles.

20   It has long been settled that protective orders limiting access to counsel are especially
21 appropriate when the individuals to whom the information would otherwise be disclosed are
22 engaged in competitive decision making. *See, e.g. Brown Bag Software*, 960 F.2d at 1470.  As
23 these cases recognize, the Court need not conclude that the persons to whom access is sought would
24 violate the obligations of confidentiality and non-use imposed by the Court.  That is because it is
25 incredibly difficult if not impossible "for the human mind to compartmentalize and selectively
26 suppress information once learned, no matter how well-intentioned the effort may be to do so."
27 *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2010 WL
28 3629830, at *4 (N.D. Cal. Sept. 14, 2010) (quoting *In re Deutsche Bank Trust Co. Americas*, 605

F.3d 1373, 1378 (Fed. Cir. 2010)). "As individuals cannot simply purge selected information from their memory, the risk is that they may later use the knowledge gained from the confidential material, however inadvertently" to engage in competitive activities. *See Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-2450, 2022 WL 3754521, at *4 (N.D. Cal. Aug. 30, 2022), *objections overruled*, No. 3:21-CV-02450-WHO, 2022 WL 6251010 (N.D. Cal. Sept. 16, 2022). Here, once Whatfix's product developers, customer acquirers, marketers, independent contractors, etc., become privy to WalkMe's trade secrets and other confidential business information, it is inevitable and unavoidable that they will use that information to aid their product development efforts or other activities to outcompete WalkMe for customers. This furnishes more than good cause for granting protection. *See, e.g.*, *Vasudevan Software*, 2010 WL 3629830, at *4 (holding that, even assuming rigorous efforts to comply with protective order restrictions, a bar on competitive decisionmakers acquiring highly confidential information was appropriate).

But here there is more. This is not a case, like the authority above, in which access is sought by in-house counsel who as members of the bar are subject to unique restrictions and incentives which support an assumption that they will attempt to act in good faith. Nor is it a case in which the defendant is accused of inadvertently infringing a patent. This is a case in which WalkMe alleges a widespread campaign by numerous Whatfix employees to surreptitiously and deliberately circumvent WalkMe's security on at least 348 distinct occasions (*see* SAC ¶ 61) in order to obtain trade secrets for the purpose of improving its product and taking away WalkMe's customers. It is a case in which, even after WalkMe notified Whatfix of the improper intrusions and demanded that it cease and desist, and even after WalkMe disabled the misappropriated accounts, Whatfix made numerous additional attempts to improperly access WalkMe's system. SAC ¶ 9. Whatfix's conduct in this regard was expressly prohibited by the applicable contracts (*see, e.g.*, ECF 18-6 at § 5.3 (prohibiting "access or use" of WalkMe software "for purposes of competitive analysis or any other purpose that is to WalkMe's detriment or commercial disadvantage"), and Whatfix's CEO has admitted that it was wrong. SAC ¶ 44. Under these circumstances, the risk that the confidential information at issue will be misused is especially high, and irreparable prejudice to WalkMe is nearly assured. WalkMe therefore respectfully submits that this motion should be granted.

8

### B. Whatfix's Alleged Prejudice Does Not Outweigh the Risk of Disclosure

Whatfix argues that its employees and independent contractors should be allowed to access WalkMe's trade secrets because it will be difficult for Whatfix to litigate this case without those (unnamed and unenumerated) individuals' technical input. This is a need that exists in virtually any litigation involving proprietary technology. It does not overcome WalkMe's legitimate interests in preserving the confidentiality of competitively sensitive material and avoiding the harm attendant to having a competitor access such material.

The Protective Order provides ample resources for Whatfix to litigate its case without sharing WalkMe's trade secrets and confidential information with employees and independent contractors. The Protective Order allows Whatfix's outside counsel to access materials designated as "Highly Confidential – Attorneys' Eyes Only." ECF No. 119 at ¶ 7.3(a). Materials designated as "Highly Confidential – Attorneys' Eyes Only" may also be disclosed to "the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information." ECF No. 119 at ¶ 7.3(e). The parties agree that Whatfix may discuss the intrusion videos, and allegations related to those intrusions, with the individuals who conducted those intrusions (provided they sign the Acknowledgment attached to the Protective Order). Kennedy Decl. at Ex. E (May 31 email from Pohl to Zaheer). And the parties agree that Whatfix may discuss the documents listed in Exhibit B, and allegations related to those documents, with the individuals who WalkMe alleges accessed those documents through their prior employment with WalkMe and its customers (provided they sign the Acknowledgment attached to the Protective Order). *Id*. The Protective Order also provides that Whatfix may retain experts and those experts may be granted access to materials designated as "Highly Confidential – Attorneys' Eyes Only." ECF No. 119 at ¶ 7.3(b). This structure is the norm in trade secret and patent cases, and parties who appear before this Court every day are able to effectively litigate their cases with these commonsense restrictions in place.

Whatfix has no legitimate reason to grant additional access to these materials and information in order to develop its legal theories or defense. Whatfix has competent outside counsel who have been involved in this case from the outset. "Requiring a party to rely on its competent

9

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY / CASE NO. 4:23-CV-03991-JSW

outside counsel does not create an undue or unnecessary burden." *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 at 529 (N.D. Cal. 2000) (internal quotations omitted). To the extent that Whatfix's outside counsel does not have the technical expertise to develop its legal theories or defenses in this case, Whatfix may retain outside experts who can provide that expertise. *See, e.g., Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17CV04732PJHEDL, 2018 WL 10582121, at *4 (N.D. Cal. May 7, 2018) ("potentially having to hire expert assistance does not outweigh the risk [of disclosure]"); *see also Stanislaus Food Products Co. v. USS-POSCO Industries*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *2 (E.D. Cal. Dec. 11, 2012) (denying motion to de-designate materials and finding no prejudice to party's ability to litigate the case where "counsel and experts have access to all the subject information"). And, to the extent that Whatfix's outside counsel and/or experts need to discover information from Whatfix employees WalkMe has identified as already having accessed WalkMe's trade secrets, Whatfix's outside counsel is explicitly allowed to discuss the relevant portions of WalkMe's designated information with the relevant Whatfix employees under the Protective Order. Allowing these individuals to access the designated materials balances the risk of disclosure with Whatfix's need to develop its legal theories or defense. *Wisk Aero*, 2022 WL 3754521, at *5 (by allowing limited access to relevant former employees "[t]he court has balanced the risk of disclosure of [plaintiff's] trade secrets to the individuals accused of misappropriation with the risk of impairing [defendant's] defense against those claims").

### C. WalkMe Has Not Waived its Confidentiality Designations

The parties participated in a collaborative meet and confer in which Whatfix identified certain redactions to the SAC which it believed reflected only public information, and WalkMe agreed to revise its redactions to address those concerns. The parties then discussed that Whatfix would review the revised redactions and, if there were any further issues to discuss, Whatfix would raise them in a further meet and confer. Whatfix did not do so; instead it sat silent until the purported deadline for WalkMe to file a motion preserving its confidentiality designations passed. Now, Whatfix argues that it succeeded in a "gotcha" and that WalkMe's confidentiality designations have been waived. Whatfix is wrong.

1       On April 18, 2024, Whatfix informed WalkMe that Whatfix was challenging WalkMe's original confidentiality designations under the interim protective order. Kennedy Decl. at Ex. A (4/18/24 email from Lanham to Kennedy). On April 23, 2024, counsel for WalkMe asked Whatfix to identify in a meet and confer "what particular redacted material you feel is necessary to share with your client" and the parties had a call later that day. *Id.* at Ex. B (4/23/24 email from Zaheer to Lanham). During the call, Whatfix identified a list of redactions which it believed were inappropriate. *Id.* at ¶ 5. WalkMe advised Whatfix that it would be filing the SAC and accompanying exhibits with narrower redactions and suggested that WalkMe's narrowed redactions might resolve Whatfix's concerns, and that after conducting the review Whatfix should advise what disputes if any remain. *Id.* at ¶ 6. Whatfix agreed to conduct that review. *Id.* at ¶ 7. WalkMe then did as it promised—it narrowed its redactions as a good faith effort to resolve the parties' dispute, and filed revised redacted versions of the SAC and exhibits thereto on April 29, 2024. ECF No. 112. Upon receiving WalkMe's revised redacted documents, Whatfix did not raise any further concerns. Kennedy Decl. at ¶ 8. This led WalkMe's counsel to conclude that the issue had been resolved. *Id.* at ¶ 9.

      First, Whatfix stated, during the parties' April meet and confer, that it needed to provide Whatfix's employees access to the redacted material in order for Whatfix to prepare its motion to dismiss the SAC. *See id.* at Ex. A (4/18/24 Email from Lanham to Kennedy, explaining that the issue was being raised "given the schedule for a response to the complaint" and indicating that it would "seek an extension to the complaint response date if the parties are unable to quickly resolve this issue"). But Whatfix did not seek an extension to the complaint response deadline. Instead, *after* receiving the revised redacted version of the complaint, Whatfix filed its motion to dismiss— in which there was no claim that Whatfix was prejudiced by the confidentiality designations. *See* ECF No. 115 (filed 5/3/24).

      Second, the interim protective order (under which Whatfix's original objection had been asserted) was superseded by the current protective order on May 6, 2024. But at no time did Whatfix renew its prior challenge or indicate that despite the prior order being no longer in effect, the challenge still remained.

Third, the parties discussed specific contested redactions during the meet and confer and WalkMe's revised redactions and designations were directed at addressing those items. For example, during the call, Whatfix pointed to only a single row in Exhibit A to the SAC that it believed should not have been redacted—Row 123. Kennedy Decl. at ¶ 5. WalkMe's revised redactions removed all of the redactions to Row 123. *See* ECF No. 112-4 at Row 123. Had Whatfix continued to dispute other redactions to Exhibit A, it should have raised them with specificity when asked to do so during the April 23 meet and confer or it should have done so after reviewing the revised redactions. It did neither.

Finally, Whatfix knew that WalkMe maintained that the information subject to the revised redactions consisted of its competitively sensitive and trade secret information. WalkMe submitted two employee declarations stating as much, and upon reviewing them the Court agreed that WalkMe had presented compelling reasons for sealing the material *so that it could not be viewed by WalkMe's competitors*—i.e., by Whatfix. Kennedy Decl. at Ex. F (Nahum Decl.); Kennedy Decl. at Ex. G (Hoffman Decl.); (ECF No. 113; *further clarified by* ECF No. 123). But even after seeing the declarations and the Court's order, Whatfix said nothing. Instead, Whatfix stayed silent for weeks, lying in wait for what it unilaterally believed was the deadline for this motion to expire. Only after that deadline passed, did Whatfix belatedly (on May 22, 2024) send an email asserting that WalkMe's protective order designations had been waived. Kennedy Decl. at Ex. C (May 22 Pohl email).

The Protective Order's 21-day deadline for filing a motion to preserve a confidentiality designation applies only "[i]f the Parties cannot resolve a challenge without court intervention." ECF No. 119 at § 6.3. Here, the parties had resolved Whatfix's challenge via WalkMe's revisions to the redactions, the Court's order concerning those redactions, and Whatfix's failure to raise any further dispute despite having been told to do so by WalkMe after reviewing the revised redactions. Because Whatfix did not inform WalkMe of any remaining challenge to WalkMe's designations, WalkMe understood that Whatfix's challenge to the designations had been resolved by WalkMe's narrowing of its redactions. Kennedy Decl. at ¶ 9. WalkMe was not aware that Whatfix maintained any challenge to WalkMe's remaining redactions until Whatfix alleged, three weeks after receiving

12

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY / CASE NO. 4:23-CV-03991-JSW

1  WalkMe's narrower redactions, that WalkMe had now waived its confidentiality designations by
2  failing to timely file a motion to retain confidentiality. *Id*. at Ex. D (May 28 email from Pohl to
3  Kennedy). Had Whatfix ever suggested that it maintained its challenge even after receiving the
4  revised redactions, WalkMe would have filed the motion within the relevant time frame. But
5  pursuant to the plain language of section 6.3 of the Protective Order, the deadline did not and could
6  not have run, and therefore there has been no waiver.

7      It would be fundamentally unfair to find WalkMe has waived its confidentiality
8  designations when WalkMe was not on notice that Whatfix was still challenging those designations.
9  WalkMe has repeatedly and consistently asserted that the information in question is competitively
10 sensitive and granting Whatfix access to it would cause severe harm. There has been no waiver.
11 This motion should be granted.

12 **V.   CONCLUSION**

13     For the reasons stated above, WalkMe respectfully requests that the Court grant its motion
14 to retain the "Highly Confidential – Attorneys Eyes Only" designation of the redacted portions of
15 WalkMe's Second Amended Complaint and Exhibits A and B thereto, and to retain the "Highly
16 Confidential – Attorneys Eyes Only" designation of the intrusion videos produced with Bates Nos.
17 KKWM00000001– KKWM00000060.

20 Dated: June 10, 2024                           Respectfully submitted,

21                                                KOBRE & KIM LLP

22                                                By:  */s/ Daniel Zaheer*
                                                       Daniel Zaheer
23

24                                                *Attorneys for Plaintiffs*
                                                  WALKME LTD., and WALKME INC.