# EXHIBIT C

| | |
|---|---|
| **From:** | Pohl, Caroline F. |
| **To:** | Daniel Zaheer; Lanham, John R.; Kim Kennedy |
| **Cc:** | Mofo-Whatfix-Walkme-Lit; WalkMe KK |
| **Subject:** | RE: [EXTERNAL] RE: WalkMe v. Whatfix (N.D. Cal.): Second Amended Complaint designation |
| **Date:** | Wednesday, May 22, 2024 1:38:06 PM |
| **Attachments:** | image001.png |

Counsel,

As the time has expired under the Protective Order for WalkMe to defend its confidentiality designation on the SAC, we intend to share the information with our client.

Whatfix notified WalkMe of its objection to the designation of the SAC and its accompanying exhibits as HCAEO on April 18, 2024.  (J. Lanham to K. Kennedy (Apr. 18, 2024) ("To avoid any ambiguity, please interpret this email as both an attempt to expeditiously resolve this issue and as a challenge to WalkMe's confidentiality designation under Paragraph 6 of the interim protective order.").)  Under the Court-ordered Protective Order, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer will not resolve their dispute, whichever is earlier.  (*Id.* at ¶ 6.3.)  Any "[f]ailure by the Designating Party to make such a motion including the required declaration within 21 days . . . shall automatically waive the confidentiality designation for each challenged designation."  (*Id.*)

If you have a different understanding, please let us know by close of business today.  Whatfix's reply brief is due Friday and this over-designation has been prejudicial.

Best regards,
Caroline

**Caroline Pohl**
Associate
12531 High Bluff Drive
San Diego, CA 92130
T +1 (858) 910-3399

**MORRISON FOERSTER**

mofo.com | LinkedIn | Twitter

---

**From:** Daniel Zaheer <Daniel.Zaheer@kobrekim.com>
**Sent:** Tuesday, April 23, 2024 11:23 AM
**To:** Lanham, John R. <JLanham@mofo.com>; Kim Kennedy <Kim.Kennedy@kobrekim.com>
**Cc:** Mofo-Whatfix-Walkme-Lit <Mofo-Whatfix-Walkme-Lit@mofo.com>; WalkMe KK <walkmekk@kobrekim.com>
**Subject:** RE: [EXTERNAL] RE: WalkMe v. Whatfix (N.D. Cal.): Second Amended Complaint designation

**External Email**

John,

WalkMe's HCAEO designations were proper and necessary to protect its trade secrets and other confidential information, including protection from further misappropriation by Whatfix. The majority of WalkMe's Second Amended complaint is not redacted and the unredacted portions of the Second Amended Complaint are sufficient to put Whatfix on notice of WalkMe's allegations and to allow you to develop a response to the Complaint with your client. For example, unredacted ¶¶ 31-44 lay out the specific details of Whatfix's intrusions including which Whatfix employees conducted the intrusions, the dates of the intrusions, and generally what they accessed in WalkMe's systems. Similarly, unredacted portions of ¶¶ 65-84 of the Second Amended Complaint spell out in detail which Whatfix employees are alleged to have taken advantage of previous access to WalkMe's confidential information and were in a position to share that information with Whatfix. These are the material allegations that Whatfix would need to admit or deny in its answer based upon information from your client. By contrast, the redacted material consists of descriptions of WalkMe's trade secrets. We do not understand why Whatfix would need to consult with individuals inside of the company in order to admit or deny the accuracy of the complaint's descriptions of the trade secrets. Moreover, since you've indicated that you plan to move to dismiss, we do not understand what involvement your client would need in formulating the legal arguments you would make to support your motion.

For context, we remind you that in WalkMe's opposition to Whatfix's prior motion to dismiss, WalkMe pointed out that inclusion of detailed descriptions of WalkMe's trade secrets in the complaint could potentially put the trade secrets at further risk, and that the more appropriate course would be for WalkMe to make its disclosure in the equivalent of a confidential C.C.P. 2019.210 submission. *See, e.g.*, *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015) (describing courts' "general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets"). Whatfix's reply brief dismissed this concern, stating that WalkMe could seek to have the complaint sealed. The Court apparently accepted that reasoning, and so we sought to seal the material exactly as Whatfix had suggested. We appreciate that you disagree with WalkMe's trade secret contentions, but the place to litigate those issues is not in a motion to seal (as Whatfix has attempted to do) and it is also not via a dispute over protective order designations.

To be sure, we are open to discussing with you whether particular information in the complaint can be confidentially described to your client in a way that does not improperly divulge trade secrets but allows you to appropriately counsel your client. We would suggest a meet and confer call for us to talk through what particular redacted material you feel is necessary to share with your client, and whether we can come to an agreement on what information can and cannot be shared (under a Confidential designation). We are available to meet and confer on this issue at 2pm PT today.

Regards,
Daniel


Daniel Zaheer
+1 415 582 4751

**KOBRE & KIM**

[www.kobrekim.com](www.kobrekim.com)

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Tuesday, April 23, 2024 8:50 AM
**To:** Kim Kennedy <Kim.Kennedy@kobrekim.com>
**Cc:** Mofo-Whatfix-Walkme-Lit <Mofo-Whatfix-Walkme-Lit@mofo.com>; WalkMe KK <walkmekk@kobrekim.com>
**Subject:** [EXTERNAL] RE: WalkMe v. Whatfix (N.D. Cal.): Second Amended Complaint designation

Kim,

We have not heard back from you on this issue, either. Please let us know your availability for a meet and confer this afternoon between 12:00 and 2:30 PT, or tomorrow morning between 9:00 and 12:00 PT.

Thank you,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

**From:** Lanham, John R.
**Sent:** Thursday, April 18, 2024 2:16 PM
**To:** 'Kim Kennedy' <Kim.Kennedy@kobrekim.com>
**Cc:** Mofo-Whatfix-Walkme-Lit <Mofo-Whatfix-Walkme-Lit@mofo.com>; WalkMe KK <walkmekk@kobrekim.com>
**Subject:** WalkMe v. Whatfix (N.D. Cal.): Second Amended Complaint designation

Kim,

WalkMe's designation of substantial portions of its Second Amended Complaint and all of the exhibits as HCAEO is limiting our ability to discuss the pleading with our clients, and even to advise them of what they have been accused of doing. Based on our review of the complaint and information in the public domain, along with WalkMe's allegation that Whatfix has already accessed the designated information, the HCAEO designation is improper.

We ask that WalkMe immediately agree to de-designate the Second Amended Complaint and exhibits to, at most, Confidential under the interim protective order. If there are particular customer identities listed in Exhibit B that WalkMe believes are non-public, we can work with you to leave those identities redacted or designated as HCAEO. In suggesting this intermediate compromise, we want to be clear that we do not agree that this information is confidential, but we are trying to reach a compromise on this issue given the schedule for a response to the complaint.

Given the upcoming response deadline, this is time sensitive. To avoid any ambiguity, please interpret this email as both an attempt to expeditiously resolve this issue and as a challenge to WalkMe's confidentiality designation under Paragraph 6 of the interim protective order. We reserve all rights to seek an extension to the complaint response date if the parties are unable to quickly resolve this issue.

Thank you,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

===================================================================
=====


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.