# EXHIBIT F

Michael Ng (Cal. State Bar No. 237915)
Michael.Ng@kobrekim.com
Daniel Zaheer (Cal. State Bar No. 237118)
Daniel.Zaheer@kobrekim.com
Kim Kennedy (Cal. State Bar No. 305499)
Kim.Kennedy@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: (415) 582 4800
Fax: (415) 582 4811

James Pooley (Cal. State Bar No. 58041)
James@Pooley.com
**JAMES POOLEY, PLC**
325 Sharon Park Dr., #208
Menlo Park, CA 94025
Telephone: (650) 285-8520

George Stamatopoulos
(Admitted *Pro Hac Vice*)
George.Stamatopoulos@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue,
NY, New York 10022
Telephone: (212) 488 1200
Fax: (212) 488 1220

Shangxing (Simon) Lu
(Admitted *Pro Hac Vice*)
Simon.Lu@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: (202) 664 1900
Fax: (202) 664 1920

*Attorneys for Plaintiffs*
WALKME LTD. and WALKME INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| WALKME LTD., an Israeli company, and WALKME INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WHATFIX, INC., a Delaware corporation, and WHATFIX PL, an Indian company,<br><br>Defendants. | Case No. 4:23-cv-03991-JSW<br><br>**DECLARATION OF NIR NAHUM IN SUPPORT OF WALKME'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Jeffrey S. White<br><br>*[Filed concurrently with Plaintiffs' Reply to Opp. to Mot. to Seal, Decl. of Elizabeth Hoffman, and [Proposed] Order]* |

# DECLARATION OF NIR NAHUM

I, Nir Nahum, hereby declare as follows:

1. I was the Chief Technology Officer at WalkMe Ltd. ("WalkMe") from 2016 to 2022, and a Vice President of Research and Development at WalkMe from 2011 to 2016. I currently serve as a Strategic Advisor to the company.

2. I submit this declaration in support of WalkMe's Reply to Defendants' Opposition to Plaintiffs' Administrative Motion for Leave to File Under Seal Portions of Plaintiffs' Second Amended Complaint. I have personal knowledge of the facts contained herein, about which I could and would testify competently if called as a witness.

3. The portions of WalkMe's Second Amended Complaint and Exhibit A thereto that WalkMe seeks to seal, listed below, comprise sensitive and confidential information including details about WalkMe's proprietary software, including specific information about particular configurations, algorithms, templates, and data schema. Although WalkMe has publicly disclosed general information about the fact that its software has certain tools and functionalities, WalkMe has not disclosed and has kept secret the particular configurations and other specific confidential details WalkMe seeks to seal, which are categorized and described in more detail below.

| SAC / Exhibits | Reasons for Sealing (limited to redacted portions only) |
| --- | --- |
| **SAC** (redactions to ¶ 57) | Confidential and commercially sensitive details about how WalkMe's proprietary software works, including specific details related to how WalkMe's software identifies and selects the correct element in an underlying target application. These technical details about WalkMe's software are confidential and commercially sensitive information, and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **Ex. A** (redactions of the names of Smart Walk-Thrus in the "Description of Trade Secret Accessed" column in items #1-#113, #120-#122, and #129) | The names of particular Smart Walk-Thrus identify the specific purpose for which each Smart-Walk Thrus has been created. This is confidential and commercially sensitive information about a particular customer implementation, and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive |

1

DECLARATION OF NIR NAHUM ISO WALKME'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' ADMIN. MOTION TO SEAL  /  CASE NO. 4:23-CV-03991-JSW

| | |
|---|---|
| | advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **Ex. A** (redactions to the "Description of Trade Secret Accessed" column in items #1-#113, #120-#122, and #129) | Confidential and commercially sensitive specific configurations used for particular Walk-Thrus. These specific settings are confidential and commercially sensitive information about a particular customer implementation, for a particular target application, and if this information were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **Ex. A** (redactions of the "Target Application" column in items #97, #100, and #115-#118) | The particular target applications WalkMe has been implemented for are confidential and commercially sensitive information. While WalkMe advertises its product for use with particular well-known target applications, such as SalesForce and WorkDay, WalkMe software has been implemented for various lesser-known target applications, the identities of which are not publicly known. The identities of those other target applications are confidential and commercially sensitive information, and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **Ex. A** (redactions to ShoutOut Template names in the "Description of Trade Secret Accessed" column in items #124-#125) | The names of particular ShoutOut Templates identify the specific purpose for which each ShoutOut Template has been created. This is confidential and commercially sensitive information about the materials WalkMe has chosen to create and make available for its customers, and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |

4. The above-identified information has been developed from many years of work by WalkMe's employees optimizing the WalkMe software both to appeal to customer preferences and to ensure optimal functionality in conjunction with the underlying target applications, among other

competitive benefits.  It is the product of many years of iterative development, trial, error, and processing of customer feedback.

5. This information has been kept confidential by WalkMe and is disclosed to customers only to aid in their implementation of WalkMe software.  WalkMe closely guards this information to prevent unauthorized access by or disclosure to WalkMe's competitors or the general public.

6. This information is confidential and commercially sensitive and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe, to WalkMe's detriment.

7. Public disclosure of any of the above-listed information for which sealing is sought would cause competitive harm to WalkMe and there is no less restrictive means to protect WalkMe's interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2024.

Nir Nahum

## **ATTESTATION**

I, Michael Ng, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1 (i)(3), I hereby attest that Nir Nahum has concurred in the aforementioned filing.

*/s/ Michael Ng*
Michael Ng