# EXHIBIT G

Michael Ng (Cal. State Bar No. 237915)
Michael.Ng@kobrekim.com
Daniel Zaheer (Cal. State Bar No. 237118)
Daniel.Zaheer@kobrekim.com
Kim Kennedy (Cal. State Bar No. 305499)
Kim.Kennedy@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: (415) 582 4800
Fax: (415) 582 4811

James Pooley (Cal. State Bar No. 58041)
James@Pooley.com
**JAMES POOLEY, PLC**
325 Sharon Park Dr., #208
Menlo Park, CA 94025
Telephone: (650) 285-8520

George Stamatopoulos
(Admitted *Pro Hac Vice*)
George.Stamatopoulos@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue,
NY, New York 10022
Telephone: (212) 488 1200
Fax: (212) 488 1220

Shangxing (Simon) Lu
(Admitted *Pro Hac Vice*)
Simon.Lu@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: (202) 664 1900
Fax: (202) 664 1920

*Attorneys for Plaintiffs*
WALKME LTD. and WALKME INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| WALKME LTD., an Israeli company, and WALKME INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WHATFIX, INC., a Delaware corporation, and WHATFIX PL, an Indian company,<br><br>Defendants. | Case No. 4:23-cv-03991-JSW<br><br>**DECLARATION OF ELIZABETH HOFFMAN IN SUPPORT OF WALKME'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Jeffrey S. White<br><br>*[Filed concurrently with Plaintiffs' Reply to Opp. to Mot. to Seal, Decl. of Nir Nahum, and [Proposed] Order]* |

# DECLARATION OF ELIZABETH HOFFMAN

I, Elizabeth Hoffman, hereby declare as follows:

1.      I am currently a Revenue Enablement Manager at WalkMe Inc. ("WalkMe").  I have been in this position for one year and nine months.  Previously, I was the Technology Intelligence Manager and prior to that an Account Executive at WalkMe, where I have been working since 2018.

2.      I submit this declaration in support of WalkMe's Reply to Defendants' Opposition to Plaintiffs' Administrative Motion for Leave to File Under Seal Portions of Plaintiffs' Second Amended Complaint.  I have personal knowledge of the facts contained herein, about which I could and would testify competently if called as a witness.

3.      The portions of WalkMe's Second Amended Complaint and Exhibit B thereto that WalkMe seeks to seal, listed below, comprise sensitive and confidential WalkMe business information, including information relating to pricing, operations, market strategy, sales strategy; and information relating to proprietary materials created by WalkMe for its customers.

| SAC / Exhibits | Reasons for Sealing (limited to redacted portions only) |
|---|---|
| **SAC** (redactions to ¶¶ 68, 70, and 73); and **Ex. B** (redactions to pp. 1-2, 9-10, 13-15, and 22-26) | Confidential and commercially sensitive internal WalkMe business information identifying the types of information WalkMe uses in its business operations, particular metrics WalkMe relies on, and also identifying particular business directives and sales strategies used by WalkMe.  These details about WalkMe's internal business operations and strategies are confidential and sensitive commercial information, and if they were to be publicly disclosed, third party competitors including Whatfix could exploit this information to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment.  Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **SAC** (redactions to ¶ 74); and **Ex. B** (redactions to pp. 12-13, 24, and 26) | Confidential and commercially sensitive information identifying some of the inputs and variables WalkMe uses to price its products.  These particular inputs and variables that are used in WalkMe's pricing are confidential and sensitive commercial information that WalkMe has developed and optimized for its business and for its customers, and if they were to be publicly disclosed, third party competitors including Whatfix could exploit this information to compete with WalkMe and potentially gain a competitive advantage |

| | |
|---|---|
| | in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **SAC** (redactions to ¶ 83); and **Ex. B** (redactions to pp. 4-13, 15-24, and 26-27) | Confidential and commercially sensitive information identifying the type of information, analysis, and guidance WalkMe presents and provides to its customer at various stages of the sales process for the WalkMe DAP software. The specific types of information, analysis, and guidance WalkMe shares with customers are the product of many years of experience in the DAP industry and with selling and implementing DAP software for WalkMe customers. If they were to be publicly disclosed, third party competitors including Whatfix could exploit this information to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **SAC** (redactions to ¶ 68); and **Ex. B** (redactions to pp. 2-3) | Information identifying the type of information, analysis, and guidance WalkMe presents and provides to its customer during implementation of the WalkMe DAP software. I have investigated whether this information was ever shared publicly and to the best of my and WalkMe's knowledge, it is confidential information that has not been shared publicly. The specific types of information, analysis, and guidance WalkMe shares with its customers are the product of many years of experience in the DAP industry and with implementing DAP software for WalkMe customers. If they were to be publicly disclosed, third party competitors including Whatfix could exploit this information to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |
| **SAC** (redactions to ¶ 58) | Confidential and commercially sensitive WalkMe business information identifying a particular new customer use case for WalkMe's services. This information is confidential and commercially sensitive and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment. Sealing this information would prevent competitive harm to WalkMe, and there is no less restrictive means to protect WalkMe's interests. |

4.    The material WalkMe seeks to seal in Exhibit B includes descriptions of internal

2

WalkMe materials.  These descriptions identify certain information WalkMe uses in its business operations, particular metrics WalkMe relies on, and identifies particular business directives and sales strategies used by WalkMe.  These details about WalkMe's internal business operations and strategies are confidential and sensitive commercial information.

5.      The material WalkMe seeks to seal in Exhibit B also includes descriptions of pricing models WalkMe prepares both internally and for external use in marketing its products to customers and potential customers.  These descriptions identify some of the inputs and variables WalkMe uses to price its products.  These particular inputs and variables that are used in WalkMe's pricing are confidential and sensitive commercial information that WalkMe has developed and optimized for its business and for its customers.

6.      The material WalkMe seeks to seal in Exhibit B also includes descriptions of proprietary WalkMe materials that WalkMe prepares for its customers and potential customers.  These descriptions identify the type of information, analysis, and guidance WalkMe presents and provides to its customer at various stages of both the sales process and implementation of the WalkMe DAP software.  These materials and the specific types of information, analysis, and guidance WalkMe shares with its customers are the product of many years of experience in the DAP industry and with implementing DAP software for WalkMe customers.

7.      The information WalkMe seeks to seal, as listed in the above table, has been kept confidential by WalkMe and is only disclosed to customers and potential customers under confidentiality and other contractual restrictions that prevent customers from disclosing WalkMe's confidential information or using WalkMe confidential information for purposes outside of the customer's agreement with WalkMe.

8.      This information is confidential and commercially sensitive and if it were to be publicly disclosed, third party competitors including Whatfix could exploit it to compete with WalkMe and potentially gain a competitive advantage in the market, to WalkMe's detriment.

9.      Public disclosure of any of the above-listed information for which sealing is sought would cause competitive harm to WalkMe and there is no less restrictive means to protect WalkMe's interests.

DECLARATION OF ELIZABETH HOFFMAN ISO WALKME'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMIN. MOTION TO SEAL  /  CASE NO. 4:23-CV-03991-JSW

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2024.

_____
Elizabeth Hoffman

DECLARATION OF ELIZABETH HOFFMAN ISO WALKME'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' ADMIN. MOTION TO SEAL / CASE NO. 4:23-CV-03991-JSW

## __ATTESTATION__

I, Michael Ng, am the ECF user whose ID and password are being used to file the above Declaration.   In compliance with Civil L.R. 5-1 (i)(3), I hereby attest that Elizabeth Hoffman has concurred in the aforementioned filing.


*/s/ Michael Ng*
Michael Ng