UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALKME LTD., AN ISRAELI COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WHATFIX, INC., A DELAWARE CORPORATION, et al.,<br><br>Defendants. | Case No. 23-cv-03991-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 136 |

WalkMe has filed a motion to retain the HCAEO designation of the redacted portions of its Second Amended Complaint ("SAC"), Exhibits A and B thereto, and the videos produced at KKWM00000001-00000060. ECF No. 136. Whatfix has filed an opposition (ECF No. 137), and WalkMe has filed a reply (ECF No. 141).

**A.   Timeliness**

Whatfix challenges the timeliness of this motion as to the redactions in the SAC and Exhibits A and B. The earliest challenge to the HCAEO designation of the videos is a May 28, 2024 email (ECF No. 136-5), as to which the current motion is clearly timely.

For the SAC and exhibits, Whatfix made the challenge on April 18, 2024. ECF No. 136-2. Given paragraph 2 in that email, the Court does not think the challenge extended to non-public customer names in Exhibit B. The parties agree that they met and conferred about the SAC and exhibits on April 23, 2024. ECF No. 136-1 ¶ 4; ECF No. 138-1 ¶ 3. Counsel for WalkMe states without contradiction that:

> During the parties' meet and confer, WalkMe reiterated its request that Whatfix specify which particular redactions to the SAC and the exhibits thereto Whatfix was challenging. Whatfix identified several

> specific portions it believed should not have been redacted (¶¶ 52, 54, 56, 57, 58, 68, 73, 74, and 83 of the SAC and item no. 123 of Exhibit A to the SAC) and stated that it was open to maintenance of WalkMe's redaction of some other information, including the names of WalkMe customers.
>
> At the conclusion of the parties' meet and confer, WalkMe advised Whatfix that WalkMe would be filing revised redacted versions of the SAC and accompanying exhibits, and suggested that WalkMe's revisions to its redactions would likely address most, and potentially all, of Whatfix's concerns.
>
> WalkMe asked Whatfix to review the revised redacted versions of the SAC and accompanying exhibits and to let WalkMe know if Whatfix had any remaining issues with WalkMe's designations and Whatfix agreed to conduct that review.
>
> Whatfix did not inform WalkMe that Whatfix had any remaining challenges with respect to WalkMe's designations of its redactions to the SAC and exhibits thereto for more than three weeks after WalkMe filed its revised redacted SAC and exhibits, nor did Whatfix request a further meet and confer with WalkMe.

ECF No. 136-1 ¶¶ 5-8.

Counsel for Whatfix states that "Whatfix never retracted the April 18, 2024 challenge to all AEO designations in the SAC after WalkMe de-designated substantial portions of the SAC and exhibits on April 29, 2024." ECF No. 138-1 ¶ 4. On May 22, 2024, Whatfix sent an email claiming that WalkMe had defaulted on its HCAEO designation by failing to timely move to retain the designation. ECF No. 136-4.

The protective order (ECF No. 119) describes how a party can challenge a confidentiality designation.[1] Paragraph 6.2 says the challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging. Here, that was the April 18 email. The parties shall then attempt to resolve each challenge and must begin conferring with 14 days of the notice. Here, the conferring began on April 23. Paragraph 6.2 goes on to say that "[a] Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner."

Paragraph 6.3 describes the next stage of the challenge process: "If the Parties cannot

---

[1] The challenge provisions in the interim protective order (ECF No. 106) were the same, so it doesn't matter that this dispute seems to straddle both protective orders.

2

1   resolve a challenge without court intervention, the Designating Party shall file and serve a motion
2   to retain confidentiality . . . within 21 days of the initial notice of challenge or within 14 days of
3   the parties agreeing that the meet and confer process will not resolve their dispute, whichever is
4   earlier." The timeliness dispute is over whether WalkMe's June 10 motion is timely. The Court
5   thinks it is.

6         Before the challenging party can move to paragraph 6.3, it has to engage in the meet and
7   confer process or establish that the designating party was unwilling to meet and confer. Whatfix
8   does not establish, or contend, that WalkMe was unwilling to engage in the meet and confer
9   process. Therefore, the Court must determine if Whatfix engaged in the meet and confer process.
10  The Court thinks it did not. As noted, during the meet and confer, WalkMe requested a more
11  specific explanation of what portions of the SAC and exhibits Whatfix was challenging, and
12  WalkMe claims without contradiction that Whatfix provided that explanation. WalkMe then
13  stated that it would make revisions to its HCAEO designations, and expressed the hope that they
14  would address most, or potentially all, of Whatfix's concerns. There is no indication that Whatfix
15  stated that this proposal was unsatisfactory before the May 22 email (ECF No. 136-4), and there is
16  no discussion of what about the proposal was unsatisfactory until the May 28 email (ECF No. 136-
17  5), which reverted to the objections previously stated in the April 18 email.

18        There are two problems here. First, the Court thinks that meeting and conferring involves
19  not only listening but also speaking. If you challenge a bunch of designations, and your opponent
20  agrees to make some changes, you have to say if that addresses your concerns or not. Otherwise,
21  you haven't met and conferred – you just listened to someone else talk. Whatfix did not articulate
22  any dissatisfaction with the changes WalkMe made until May 22, and did not say what was
23  unsatisfactory until May 28.

24        The 21-day deadline to file a motion to retain confidentiality implies that the required
25  meeting and conferring will occur, or fail to occur, within 21 days after the notice of the challenge
26  is served. If the meeting and conferring satisfactorily takes place, and the challenge is not
27  resolved, the designating party has to file the motion to retain confidentiality within 21 days of the
28  notice or within 14 days after the parties agree that meeting and conferring will not resolve their

1  dispute.  Alternatively, if the designating party is unwilling to participate in the meet and confer
2  process in a timely manner, then the motion to retain confidentiality is due 21 days after the
3  challenge is served.  What happens here, where it is the challenging party that fails to participate
4  in the meet and confer process in a timely manner?  The Court thinks that in this situation, the
5  challenge simply expires 21 days after the notice if served.  We can leave aside hypotheticals in
6  which the designating party proposes a compromise at 11:59 p.m. on the 21st day after the
7  challenge, where it might not be reasonable to expect the challenging party to voice any objection
8  within 21 days of the notice.  Here, Whatfix agrees that WalkMe implemented its offer of
9  compromise when it "de-designated substantial portions of the SAC and exhibits on April 29,
10 2024," ECF No. 138-1 ¶ 4, which was 11 days after the challenge was served, and which left 10
11 more days in the 21-day meet and confer deadline for Whatfix to say that wasn't good enough.
12 That's what meeting and conferring requires.  You have to say things.  You can't just sit there
13 silent.  When your opponent is obviously trying to compromise to resolve a dispute, if you don't
14 express an opinion on whether the effort was good enough, you didn't meet and confer about it.
15 Here, by not affirmatively saying that WalkMe's effort at compromise wasn't good enough within
16 21 days after the challenge notice was served, Whatfix's challenge expired on the 21st say due to
17 the failure to "engage[] in this meet and confer process first," as required by paragraph 6.2 of the
18 protective order.

19      There is also a second problem.  WalkMe has submitted a declaration by counsel saying
20 that during the April 23 meet and confer, WalkMe asked Whatfix to specify its challenges, and in
21 response Whatfix identified nine paragraphs in the SAC and one item in Exhibit A it thought did
22 not qualify for HCAEO treatment.  ECF No. 136-1 ¶ 5.  Whatfix also submitted a declaration from
23 its counsel, but this declaration does not deny this was the content of the meet and confer.  The
24 May 28 email's wholesale reversion to the April 18 objections is written as though Whatfix did
25 not in any manner narrow its challenge during the meet and confer, yet there is an uncontradicted
26 declaration saying that's exactly what it did.  This is another indication that Whatfix's May 22 and
27 28 emails represented a failure to meet and confer.
28      The Court observes that paragraph 4 of Whatfix's counsel's declaration at ECF No. 138-1

4

1  ("Counsel for Whatfix never retracted the April 18, 2024 challenge to all AEO designations in the
2  SAC and exhibits after WalkMe de-designated substantial portions of the SAC and exhibits on
3  April 29, 2024.") reflects both problems.  "[N]ever retracted" sounds like silence, and the way the
4  paragraph is drafted carefully avoids any representation about what Whatfix said during the April
5  23 meet and confer.

   The Court concludes that Whatfix did not timely meet and confer as required by paragraph
   6.2 of the protective order, and therefore this dispute did not advance to paragraph 6.3.  WalkMe
   was under no obligation to file the present motion at all.  But certainly, its motion is timely.

**B.   Merits**

The declarations at ECF Nos. 136-7, 136-8 and 141-1, combined with the Court's own review of the unredacted SAC and Exhibits A and B, suffice to demonstrate that the materials at issue are properly designated HCAEO under the protective order.

Whatfix argues that even if the materials at issue are designated HCAEO, the Court should consider Whatfix's alternative proposal to limit the disclosure to "a limited set of Whatfix employees."  ECF No. 138 at 9.  The Court declines to do that.  While the protective order is not written in stone, *see* ECF No. 119 ¶ 13.1 ("Nothing in this Order abridges the right of any person to seek its modification by the court in the future."), it was stipulated to, so there is a basic agreement between the parties about who can have access to documents that merit a certain level of confidentiality.  Here, Whatfix's arguments about prejudice are too generic and would seem to apply to pretty much anything that WalkMe designated as HCAEO.  Whatfix has not shown that there is something special or different about these particular documents that merits a level of access not normally contemplated for HCAEO materials.

Whatfix's prejudice argument also suffers from some internal inconsistency, and even were that inconsistency resolved, leaves too great a risk of the misuse of WalkMe's HCAEO materials.  Whatfix says that its migration of customers is an internal, customized process that is not well-understood in the industry and that independent experts are not likely to understand in the way that a knowledgeable Whatfix employee would.  At the same time, to protect against the misuse of WalkMe's HCAEO materials, Whatfix would exclude from its proposed subset of

recipients anyone involved in product development or who has competitive decision-making power. ECF No. 138 at 10. But once everyone involved in product development and competitive decision-making is excluded, the Court is left skeptical that the remaining employees are really any better than independent experts at understanding's WalkMe's HCAEO information. And, as WalkMe observes, "[j]ust because Whatfix employees do not have competitive decision-making power and are not involved in product development does not mean those employees are not involved in Whatfix's marketing efforts, customer acquisition efforts, customer retention efforts, implementation of the Whatfix platform for customers, or other activities in which they could use WalkMe's AEO-designated information to compete with WalkMe for WalkMe's customers and potential customers." ECF No. 141 at 10.

Accordingly, WalkMe's motion to retain the confidentiality designations is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 6, 2024

THOMAS S. HIXSON
United States Magistrate Judge